IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEVIN PUGH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:25-cv-501-RAH-JTA (WO) |
| CHIME PREPAID CARD, | ) ) ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Complaint filed by frequent *pro se* Plaintiff Devin Pugh.[1] (Doc. No. 1.) This action has been referred to the undersigned "pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 3.)

For the reasons stated below, the undersigned recommends that this action be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted.

### I.   STANDARD OF REVIEW

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is

---

[1] As of the date of this Recommendation, Pugh has filed fifty-six cases in this court.

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

"[S]ection 1915[(e)(2)(b)(i)], unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Dailey v. Correct X Pharmacy*, No. 4:22-cv-00139-CDL-MSH, 2022 WL 17730877, at *1 (M.D. Ga. Dec. 16, 2022) ("The Court may dismiss" as frivolous "claims that are based on 'indisputably meritless legal' theories and 'claims whose factual contentions are clearly baseless.'" (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). A claim is subject to dismissal as frivolous under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Miller*, 541 F.3d at 1100 (quoting *Neitzke*, 490 U.S. at 327); *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, 2017 WL 8681936, at *1 (N.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, No. 1:17CV291-MW/GRJ, 2018 WL 1542389 (N.D. Fla. Mar. 29, 2018). A complaint lacks a basis in law, for example, where the plaintiff "seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327 and *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).

Before dismissal of the complaint pursuant to § 1915(e), "[a] plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice." *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). However, if the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required. *Id.*; *see also Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the

claims are frivolous." (citing *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing in turn § 1915(e)(2)(B)(i)))); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a *pro se* litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson*, 551 U.S. at 94 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes*, 350 F.3d at 1160 ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10-cv-826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), *report and recommendation adopted*, No. 2:10-cv-826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662).

## II.     JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Pugh asserts claims pursuant to 28 U.S.C. § 1983.

### III. FACTS

Pugh asserts Defendant Chime PrePaid Card ("Chime") violated his rights under the Fifth through Twenty-Sixth Amendments of the United States Constitution. He alleges Chime does not sell its cards "at local stores like [D]ollar [G]eneral or Walmart[,] etc[.,] for convenience for its customers." (Doc. No. 1 at 2-3.) Pugh claims "[i]f Chime was to put cards in local convenien[ce] stores it would give their customers ease of access rather [than] wait[ing] for one in the mail . . . ." (*Id.*) He seeks a "writ of mandamus" compelling Chime to sell cards at "local convenience stores." (*Id.* at 4.)

### IV. DISCUSSION

Pugh does not support his claims with facts showing Chime violated his constitutional rights. Instead, his complaint is frivolous because he alleges a violation of a right that "clearly does not exist." *Tucker*, 2017 WL 8681936, at *1 (citing *Neitzke*, 490 U.S. at 327; *Clark*, 915 F.2d at 639).

Pugh asserts Chime's failure to "have their card available at local stores" causes its customers to miss out on "ease of access" when purchasing its prepaid cards. (Doc. No. 1 at 2-3.) Ease of access to buy a prepaid card is not a constitutional right. Generally speaking, a seller "has the unquestioned right" to determine, "for reasons sufficient to [it]self," whether it will offer its products to a particular wholesaler. *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919). Nevertheless, Pugh contends the relative difficulty in obtaining Chime cards compared to "Green Dot or Western Union" cards is "cruel and unusual." (Doc. No. 1 at 3.) While the words "cruel and unusual" do appear in the Eighth Amendment to the United States Constitution, the Eighth Amendment prohibits "cruel and unusual *punishments*." U.S. Const. Amend. VIII, § 1 (emphasis added). Further, the Constitution

5

does not bind the conduct of private entities not acting as agents of the state. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991) (noting that, except where "governmental authority . . . dominate[s] an activity to such an extent that its participants must be deemed to act with the authority of the government," "the conduct of private parties lies beyond the Constitution's scope"); *see also* 42 U.S.C. § 1983 (creating a private right of action for vindicating violations of constitutional rights committed by persons acting under color of state law). Mere inconvenience in purchasing one's preferred prepaid card is not a punishment, nor is Chime a state actor in this context. Hence, Pugh's claims do not invoke a right protected by the Eighth Amendment or any other provision of the United States Constitution. Because Pugh seeks to vindicate a constitutional right that does not exist, the undersigned finds his complaint "lacks an arguable basis . . . in law [and] in fact" and is frivolous as a matter of law. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

In addition, no opportunity to amend should be allowed before dismissal. An opportunity to amend is unnecessary "where, as here, dismissal is without prejudice, the complaint is frivolous, and allowing the opportunity to amend would be futile." *Smith v. Montgomery Cnty., Alabama*, No. 2:22-cv-307-ECM-JTA, 2023 WL 8610122, at *6 (M.D. Ala. Oct. 24, 2023) (citing *Emrit*, 829 F. App'x at 477; *Nezbeda*, 789 F. App'x at 183; *Cornelius*, 585 F. App'x at 1000), *report and recommendation adopted*, No. 2:22-cv-307-ECM, 2023 WL 8607006 (M.D. Ala. Dec. 12, 2023). Even with an opportunity to amend, Pugh cannot state a claim upon which relief could be granted because he has no

constitutionally protected right to purchase a Chime prepaid card at a convenient location. Therefore, amendment is not warranted.[2]

## V.    CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **August 25, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning*

---

[2] Despite this Recommendation, if Pugh wishes to address the deficiencies in his Complaint, he is not without recourse prior to dismissal. He "will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his [C]omplaint prior to any dismissal of the [C]omplaint." *Larkins v. Montgomery Cnty. Cir. Ct.*, No. 2:19-cv-281-MHT-WC, 2020 WL 2744116, at *6 n.3 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, No. 2:19-cv-281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020).

7

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

     DONE this 11th day of August, 2025.

                                            _____
                                            JERUSHA T. ADAMS
                                            UNITED STATES MAGISTRATE JUDGE